## JOE BROWNING V. THE STATE.

No. 18375.   Delivered June 10, 1936.

The opinion states the case.

*Glover Engledow,* of Clairemont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of theft of one calf, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment in this case contains two counts. The first count charges the appellant with theft of one head of cattle from Joe Black; the second count charges him with fraudulently receiving and concealing the calf alleged to have been stolen from Black. The court submitted both counts to the jury who found appellant guilty under the first count charging him with the theft. The defendant's defense was that he purchased the calf from persons whose car had broken down on the road, that he did not know the parties, had never seen them before or since. On this defensive theory the court instructed the jury as follows: "If you find and believe from the evidence that the defendant purchased the one head of cattle in question in good faith from a person whom he believed to be the owner thereof, or if you have a reasonable doubt thereof, you will

acquit the defendant of both counts in the indictment." Appellant in due time objected to said charge because it placed a greater burden on him than he was required by law to carry, in this, that it required him to show that he knew the calf was not stolen and that he purchased it from the true owner. We think appellant's objection is well founded. If appellant purchased the calf, he could not be guilty of theft even though he might have known it was stolen. The question of good faith in the purchase of the animal from the true owner was not an issue in the case under the charge of theft. In the case of McAfee v. State, 14 Texas App., 668, this court said: "Suppose that defendant took possession of the cow by reason of such purchase, what had good faith to do with this case? Let us illustrate. A. steals a cow. B., with knowledge of the theft, buys the cow from A. Shall we say, thereupon, B. stole the cow? Again, A. steals a cow. B., with knowledge of the theft, buys from A. Are we not forced to say, therefore, B. did not steal the cow, this being the real fact of the case? Theft is the fraudulent taking of property from the possession of the owner, or some one holding possession for him. There must be a taking, and no subsequent connection with the stolen property, be it in good or bad faith, honest or fraudulent, will constitute theft." See Curlin v. State, 23 Texas App., 681.

However, we are not to be understood as holding that the charge as given was not a correct charge applicable under the count charging appellant with receiving and concealing stolen property, but was too restrictive as applied to the count charging theft as above pointed out. It appears that the alleged stolen calf was not identified except by circumstances as the property of Joe Black or those for whom he was holding it. We, therefore, suggest that upon another trial this issue be submitted to the jury by an appropriate instruction.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.